DAVID SEIDMAN, PROSECUTOR, v. JOHN CRAVEN & SONS COMPANY, ALBERT T. SUMMERFIELD AND WILLIAM H. BROWN, DEFENDANTS.

Decided November 24, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Milberg & Milberg* (*Samuel Tartalsky*, of counsel).

For the defendants, *Peter Bentley* (*Herbert Clark Gilson*, of counsel).

PER CURIAM.

The action of the prosecutor was instituted under section 96 of the District Court act (*2 Comp. Stat., p.* 1895), which section provides as follows: "If any person shall enter upon or into any lands, tenements or other possessions, and detain or hold the same with force or strong hand, or with weapons, or breaking open the doors, windows or other part of a house,

whether any person be in it or not, or by any kind of violence whatsoever, or by threatening to kill, maim or beat the party in possession, or by such words, circumstanuces or actions as have a natural tendency to excite fear or apprehension of danger, or by putting out of doors, or carrying away the goods of the party in possession, or by entering peaceably and then turning by force or frightening by threats, or by other circumstances of terror, the party out of possession; in any such case evey person so offending shall be guilty of a forcible entry and detainer within the meaning of this act."

Section 97 provides: "No person who shall lawfully or peaceably enter upon or into any lands, tenements or other possessions, shall hold or keep the same unlawfully and with force, or strong hand, or weapons, or violence, or menaces, or terrifying words, circumstances or actions aforesaid; and it is hereby declared that whatever words or circumstances, conduct or actions will make an entry forcible under this act shall also make a detainer forcible."

Section 98 provides: "The three next preceding sections of this act shall extend to and comprehend terms for years, and all estates, whether freehold or less than freehold."

The record before us for review, by writ of *certiorari*, discloses that the posecutor was nonsuited in the Second District Court of Jersey City. The trial judge, sitting with a jury, nonsuited the plaintiff, upon the ground that the cause of action was *coram non judice*, and was controlled by the decision of this court in *Miller* v. *Kutchinski*, 92 *N. J. L.* 97.

As section 96 of the District Court act, *supra*, expressly confers jurisdiction of this class of cases on the District Court, and as the case *sub judice* was brought under that section it cannot properly be said that the action was *coram non judice*.

The cause of action dealt with by the Supreme Court in *Miller* v. *Kutchinski, supra*, was founded on the Forcible Entry and Detainer act (2 *Comp. Stat., p.* 2598), but this is not the case here. This may be of slight importance, since the facts developed in the instant case are very dissimilar. This leaves the question whether or not there was any proof of either forcible entry or unlawful detainer.

The facts, disclosed at the trial, are as follows: About the middle of June, 1926, in a conversation had between the defendant Brown, who was the treasurer of the John Craven & Sons Company, and the prosecutor, something was said by the former to the latter concerning the leasing of the premises in question to him. From that conversation it is gleaned that the prosecutor was willing to pay $100 per month rent for the premises, whereupon Brown undertook to find out what rent the owner of the premises, Summerfield, wanted for the premises. In that latter part of June, 1926, Brown wrote to the prosecutor the following: "Mr. Summerfield, owner of the store, 73 Railroad avenue, states he will not rent the store for a cent less than $125 per month."

The testimony then is to the effect that on the 30th day of June the prosecutor gave his check for $125 to Brown, for which the former received a receipt, which was dated July 15th, 1927, and recites the following: "Received from Mr. Seidman $125 in payment for rent due in advance, for house No. 73 R. R. avenue, Jersey City, for the month ending August 15th, 1926."

This receipt, on its face, has printed under it the word "agent," but without signature, and at the bottom appears the following: "John Craven & Sons Co. paid L. June 30th, 1926."

There was also testimony to the effect that Brown handed to the prosecutor a key for the premises. But on July 2d, 1926, Brown returned the money to the prosecutor. The prosecutor testified that in the conversation alluded to, he was told that if he wanted the premises for $125 a month there would have to be a lease for three years. Of course, an oral agreement, if made for such a term, was void, as being within the statute of frauds.

It was not until the 16th day of September, 1926, when the defendants were served by the prosecutor with the following notice: "I hereby demand of you to forthwith deliver to me possession of premises and store, situate and known as No. 73 Railroad avenue, in the city of Jersey City, county of Hudson, and State of New Jersey, which said possession

I am entitled to, and that in default of compliance with the said demand, you will forthwith be proceeded against, as guilty of forcible entry and unlawful detainer."

The defendant Summerfield testified that he owned the premises, and that John Craven & Sons Company, nor anyone else, had any authority to sign his name to any lease without his express authority. He further testified he had never given the Craven company any permission to let the premises to the prosecutor; that he never signed any lease for the premises, and as far as he knew, the Craven company had never signed any lease or leases for him, but had acted for him in the collection of rent.

The undisputed fact in the case is, that the right of entry of the prosecutor, if he had any, did not commence before July 15th, 1926.

It was essential in order for the prosecutor to recover on the theory of forcible entry, to show that he was legally in actual possession at the time he alleges there was a forcible entry, and secondly, if he was forcibly ousted, and is legally entitled to possession, in order for him to succeed on the theory that there was and is an unlawful detainer, it was incumbent upon him to establish that he was legally entitled to actual possession.

It was practically conceded, by counsel of prosecutor, at the trial, that there was no testimony establishing either forcible entry or unlawful detainer, by either Summerfield or the Craven company. The insistence being that a nonsuit ought not to have prevailed in favor of Brown, the treasurer of the company.

At the time the motion for nonsuit was made, the posture of the case was, that it appeared that the prosecutor had at no time been in the actual possession of the premises, which was an essential factor, in order to entitle him to a verdict of restitution, since, if there was a letting, it was for only one month, so that the prosecutor's right of possession expired on the 15th day of August, 1926.

The prosecutor gave the statutory notice for possession of the premises to the defendants nearly a month after the monthly term of the letting had expired.

1066

The verdict in a case of unlawful detainer is restitution of the premises to the person entitled to possession.

As Brown had .no estate in the premises and was not in either actual or constructive possession, it is quite clear that under the provisions of the statute upon which the prosecutor's action is based, Brown could not be properly held to answer, and therefore the nonsuit granted in his favor was proper judicial action.

Judgment is affirmed, with costs.